FILED
CLERK, U.S. DISTRICT COURT

SEP 27 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SIGNET DOMAIN LLC, | No. CV 13-06700-UA |
| Plaintiff, | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| v. | |
| ALFREDO GOMEZ, et al., | |
| Defendants. | |

  The Court will remand this "Complaint for Unlawful Detainer - Amount Demanded Does Not Exceed $10,000," Case No. 13C00610 to state court summarily because Defendant removed it improperly.

  On September 12, 2013, Defendant Alfredo Gomez, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

  Simply stated, Plaintiff could not have brought this action in

federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Accordingly, **IT IS ORDERED** that (1) this matter be **REMANDED** to the Superior Court of California, Los Angeles County, Downey Courthouse, 7500 East Imperial Highway, Downey, California 90242 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

**IT IS SO ORDERED.**

DATED: 9/18/13

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE